UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DARRYL SLAYTON,

    Plaintiff,

v.

CASE NO. 2:21-cv-10718
HONORABLE ARTHUR J. TARNOW

MARK INCH, AARON GIL,
LOUIS WALTON, ASHLY NOLAN,
WAYNE COUNTY JAIL, FLORIDA
PAROLE BOARD COMMISSION,
DENNIS THICKLIN, SUPERVISOR JIM,
and MARY STOLL,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

This matter came before the Court on plaintiff James Darryl Slayton's *pro se* civil rights complaint under 42 U.S.C. § 1983.  Slayton alleges that Defendants violated his constitutional rights when they revoked his probation a second time.  The proper venue for his complaint is the Middle District of Florida.  Accordingly, the Court will transfer this case to the United States District Court in Tampa, Florida.

## BACKGROUND

Slayton alleges that he is a pretrial detainee, currently confined at the Hillsborough County Jail in Tampa Florida. (ECF No. 1, PageID.2, 8.) The defendants are: Mark Inch, Secretary of the Florida Department of Corrections in Tallahassee, Florida; Aaron Gil, a probation officer for the Florida Department of Corrections in Tampa; Louis Walton, a detective in Tampa; Ashly Nolan, an investigator for the Florida Parole Board Commission in Tallahassee; the Wayne County Jail in Detroit, Michigan; the Florida Parole Board Commission in Tallahassee; Dennis Thicklin, the supervisor of probation for the Florida Department of Corrections in Tampa; a housing supervisor identified only as "Jim;" and Mary Stoll, the manager of a boarding house in Tampa. *Id*. at PageID.1-5.

The complaint and an attachment to the complaint indicate that Slayton was convicted of false imprisonment in 2014 and sentenced to prison "with four (4) years probation with early termination." *Id*. at PageID.20, 21. While Slayton was serving his probationary sentence, probation officer Aaron Gil charged Slayton with violating the terms of probation by having "dirty urine." *Id*. On December 9, 2019, Slayton was arrested on the charge, but on December 16, 2019, a state district judge in Tampa dismissed the case because the original charge carried a maximum sentence of five years, and the judge could not give Slayton any

additional time in prison. *Id*. On January 27, 2020, however, Slayton was arrested in Michigan for the same Florida case and transported back to the Florida Department of Corrections Reception Center. *Id*. Although he requested appointment of counsel for the probation violation hearing, his request was denied. *Id*.; *see also* PageID.10

Slayton alleges in his civil rights complaint that he has spent nine months in the custody of the Florida Department of Corrections for a case that was dismissed and closed. He contends that he is being charged a second time for the same crime in violation of his right not to be placed in double jeopardy. *Id*. at PageID.10.

Slayton seeks money damages from the defendants, claiming that: (1) Mark Inch denied his grievance about the illegal incarceration; (2) probation officer Aaron Gil and Detective Louis Walton conspired against him and provided false information on Florida documents to enable federal marshals to arrest him as a fugitive from justice; (3) Ashly Nolan denied him the right to counsel at the parole board hearing and lied about him committing a crime while on probation; (4) the Wayne County Jail and the Parole Board supported the illegal process and denied him an extradition hearing and access to the courts; (5) defendant Dennis Thicklin endorsed the process with his signature; and "Jim" illegally evicted him from a residence. *Id*. at PageID.8; *see also* PageID.10.

*Slayton v. Inch, et al.*, No. 21-cv-10718

## DISCUSSION

A preliminary question is whether this district is the proper venue for Slayton's complaint. A civil action may be filed in: (1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (*per curiam*) (quoting 1 Moore's Federal Practice 1487-88). For the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer a civil action to any district where the action could have been brought. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts in the interest of justice to transfer a case laying venue in the wrong district to any district where it could have been brought).

The Wayne County Jail is not a legal entity susceptible to suit, *see Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002), and all the other defendants perform their official duties in Tampa or Tallahassee, Florida. Furthermore, a substantial part of the events giving rise to Slayton's claims occurred in Florida. Although Slayton

apparently was arrested and temporarily detained in this District, his primary claim is that he has been charged, and is being illegally detained, in Tampa, Florida on a charge that was previously dismissed by a state judge in Tampa.

Tampa is part of Hillsborough County, Florida, which lies within the geographical borders for the Federal District Court in the Middle District of Florida. *See* 28 U.S.C. § 89(b). The proper venue for this action, therefore, is the United States District Court for the Middle District of Florida. Accordingly, in the interest of justice and for the convenience of the parties and potential witnesses,

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Middle District of Florida at Tampa, Florida. The Court has not screened Slayton's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Slayton may proceed without prepaying the fees and costs for this action.

                                           s/Arthur J. Tarnow
                                           ARTHUR J. TARNOW
                                           SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 12, 2021