# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES DARRYL SLAYTON,

    Plaintiff,

v.                                          Case No. 8:21-cv-873-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

## **ORDER**

James Darryl Slayton filed a civil rights complaint (Doc. 1) and motion for protection (Doc. 6). Slayton's civil rights complaint is dismissed without prejudice to filing an amended complaint, and his motion for protection is denied without prejudice.

Slayton is a pre-trial detainee in the Hillsborough County Jail. Slayton filed his civil rights complaint in the District Court for the Eastern District of Michigan, and that Court transferred the case to this District. (Doc. 3). As required by law, the Court screened the complaint and has found it lacking. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "identify cognizable claims or dismiss the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief").

I.    **Factual Background**[1]

On November 12, 2014, Slayton was convicted of false imprisonment and battery in Hillsborough County case number 14-CF-8434. On December 19, 2014, the state court sentenced him to six years in prison followed by four years of probation. Slayton was released from prison on July 18, 2019. On November 11, 2019, Slayton's probation officer, Defendant Gil, alleged that Slayton violated probation for "dirty urine." (Doc. 1, p. 10). Slayton states that he was arrested on December 9, 2019, for the violation. (Doc. 1, p. 10). On December 16, 2019, the state court found Slayton in violation of probation, revoked his probation, and sentenced him to time served. It appears that Slayton moved to Michigan sometime after that state court proceeding.

The online record for Hillsborough County case number 20-CF-472, which charges Slayton with two counts related to failure to follow sexual offender reporting requirements, shows that an electronic arrest warrant was issued on January 10, 2020, and Slayton was arrested a few days later in Michigan. (Doc. 1, pp. 9-10). Slayton was transported to the Florida Department of Corrections on March 17, 2020, where it appears he remained until he was booked into the Hillsborough County Jail on October

---

[1] Slayton attaches to his complaint several documents concerning his state court cases. (Doc. 1, pp. 18-30). Information in this section of the Order is obtained from these documents, as well as from the online dockets for Slayton's state court cases, and the online records of the Hillsborough County Sheriff's Office and the Florida Department of Corrections. The Court takes judicial notice of this online data. *See, e.g.*, Fed. R. Evid. 201 (stating that a court make judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

27, 2020, to face the charges in case number 20-CF-472. Slayton remains confined at the Hillsborough County Jail on the pending charges.

## II.     Slayton's Complaint

Slayton sues Mark Inch, the Secretary of the Florida Department of Corrections; the Florida Parole Board Commission; Probation Officer Aaron Gil; the Wayne County Jail; Parole Board Commission Investigator Ashly Nolan; Supervisor of Probation Dennis Thicklin; Tampa Police Department Detective Louis Walton; Mary Stoll, the manager of a boarding house; and "Jim," a housing supervisor.

Slayton claims that his detention following his January 2020 arrest was based on the same violation of probation resolved by the state court during his 2019 probation revocation hearing. Slayton claims that he "spent nine months in the Dept. of Corr. of Florida . . . for a case that was closed. . . . I'm now being charged a second time for the reason I was violated. Placed in jeopardy twice for the so-called same crime." (Doc. 1, p. 10). Therefore, the crux of Slayton's complaint appears to be that he was unconstitutionally detained following his January 2020 arrest.[2]

As an initial matter, a challenge to the fact or duration of confinement is properly raised in a petition for writ of habeas corpus, not in a § 1983 civil rights action. *See Preiser*

---

[2] The basis for Slayton's arrest and detention are not clear. The Court notes, however, that Slayton's exhibits show that the Florida Commission on Offender Review undertook violation of conditional release proceedings in March 2020. Conditional release differs from probation. *See* § 947.1405, Fla. Stat. (establishing a conditional release program under which prisoners may be released on supervision subject to specified terms and conditions).

3

*v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also, e.g., Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (stating that actions brought under 28 U.S.C. § 2254 and 42 U.S.C. § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action.").

Slayton also maintains that the Defendants are responsible for causing his allegedly unlawful detention following his January 2020 arrest, and he seeks damages in the form of $2,500.00 for every day he was unlawfully detained. Slayton must file an amended complaint if he wishes to proceed with such claims in this action due to the initial complaint's failings. Slayton's complaint is rambling in nature and does not clearly identify how each defendant is responsible for violating his federal rights. Although Slayton alleges violations of his rights under the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments (*see* Doc. 1, pp. 6-7), he does not identify and describe the violations with specificity or clearly explain which defendant was responsible for which violation. The Court is also at a loss to know which unenumerated right Slayton alleges was purportedly violated with regards to his Ninth Amendment claim. *See* U.S. Const. Am. IX ("The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.").

If Slayton files an amended complaint, the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A complaint must give "the defendant fair notice

of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The Court will not accept as true legal conclusions or other conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In an amended complaint, Slayton must clearly allege relevant facts that support his claims for relief, and he must explain the involvement of each Defendant in the alleged constitutional violations.

It appears that Slayton may intend to state a claim for false imprisonment. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). In order to state such a claim, Slayton must present allegations "meet[ing] the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment." *Id.*; *see also Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). Those elements are "an intent to confine, an act resulting in confinement, and the victim's awareness of confinement." *Campbell*, 586 F.3d at 840. Further, "[t]he Fourteenth Amendment Due Process Clause includes the 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" *Id.* (quoting *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993)). To establish a due process violation, Slayton must show that the Defendants "acted with deliberate indifference. . . . This means that [the Defendants] had subjective

knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence." *Id.* (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)).

Finally, Slayton has neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. To proceed on an amended complaint, he must either pay the $402.00 filing fee or move for leave to proceed *in forma pauperis* by completing and returning the Prisoner Consent Form and Financial Certificate attached to this Order.

### III. Motion For Protection

In his motion for protection, Slayton claims that staff at the Hillsborough County Jail have subjected him to "a multitude of incidents of harassments, intimidation, degradation, humiliation, provocations, physical threats, and discrimination." (Doc. 6, p. 2). Slayton also claims that Deputy Dominic has "become physical when in contact with" him. (Doc. 6, p. 2). Slayton believes such interaction is intended to "provoke" him into defending himself so that Deputy Dominic "can make a false criminal complaint of a[n] assault against him by Mr. Slayton." (Doc. 6, p. 2). Slayton alleges that on May 14, 2021, Deputy Dominic and two unnamed officers engaged in "a design of physical threat and intimidation" against him while he "was not resisting." (Doc. 6, p. 2). He believes that the State "intends on [him] not surviving [his] projected time" in jail. (Doc. 6, p. 2).

To the extent that Slayton's motion can be construed as one for a temporary restraining order, he is not entitled to relief. A court's issuance of a temporary restraining order is an extraordinary remedy. *See United States v. Lambert*, 695 F.2d 536

6

(11th Cir. 1983). A party seeking a temporary restraining order must show: 1) a substantial likelihood of success on the merits, 2) irreparable injury if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Further, a court may grant temporary injunctive relief without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[ ] . . . certifies in writhing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Slayton has not satisfied these standards nor has he complied with the requirements of Local Rule 6.01 (M.D. Fla.) governing the procedure for seeking the imposition of a temporary restraining order in this district. As a consequence, any construed request for temporary injunctive relief is denied.

Further, to the extent Slayton may intend to present additional civil rights claims concerning actions of the detention deputies at the Hillsborough County Jail, he must do so through an amended complaint, not a motion labeled as one for protection. The denial of Slayton's motion for protection is without prejudice to the filing of a new civil rights action in a new case, under a new case number, that raises claims arising from the

7

facts alleged in the motion for protection, which do not appear to be related in any way to the initial complaint's allegations.

Accordingly, the Court **ORDERS**:

1. Slayton's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to filing an amended complaint on the standard form **WITHIN 21 DAYS** of the date of this Order.

    a. To amend the complaint, Slayton should place the case number in this action on a blank civil rights complaint form and mark the form "Amended Complaint."

    b. The amended complaint must be re-written in its entirety on the standard form. The amended complaint will supersede the original complaint. Therefore, the amended complaint must contain all claims for relief. It must not refer to or incorporate the original complaint. Slayton must limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint.

2. **WITHIN 21 DAYS** of the date of this Order, Slayton must either pay the $402.00 filing fee or move for leave to proceed *in forma pauperis* in this action by completing and submitting the Prisoner Consent Form and Financial Certificate, which is attached to this Order.

3. Slayton's motion for protection (Doc. 6) is **DENIED WITHOUT PREJUDICE**.

4. Slayton must notify the Court of any change of address. Slayton's failure to comply with this Order will result in the dismissal of this case without further notice.

5. The **CLERK** is directed to **SEND** to Slayton **two** forms for filing a civil rights action under 42 U.S.C. § 1983.

**ORDERED** in Tampa, Florida, on May 27, 2021.

Kathryn Kimball Mizelle
United States District Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**_____ DIVISION**

_____
**PLAINTIFF**

v.                                                                                    Case No._____

_____
**DEFENDANT**

**PRISONER CONSENT FORM**
**AND FINANCIAL CERTIFICATE**

I, _____, Plaintiff in the above-entitled action, understand that:

1.  If I submit a **civil complaint** (for example, a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), **I must pay the $350.00 filing fee in full**. This means that, regardless of the court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $350.00 FILING FEE; and

2.  I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer printout reflecting all transactions in my prison account for the six month period preceding the filing of my complaint. If I have not been incarcerated at this institution for six months, I must also obtain account printout(s) **from each penal facility** at which I may have been confined during the relevant six month period and provide the printout(s) to the authorized official completing my Financial Certificate. If I fail to provide printouts for the entire six month period or do not satisfactorily explain my inability to do so to the court, my motion to proceed *in forma pauperis* may be denied or my case may be **dismissed without further notice**; and

3.  The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to forward to the court an initial partial filing fee, which shall be 20% of my average monthly balance (line #2 of the Financial Certificate, below) or the average monthly deposits to my account (line #3 of the Financial Certificate, below), whichever is greater; and

4.  The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to make additional monthly payments from my account until the balance of the required $350.00 filing fee is paid. These additional monthly payments

10

will be equal to 20% of all of the preceding month's deposits to my account. Institution officials shall submit these monthly payments directly to the Court whenever the funds in my account exceed $10.00 until the full filing fee is paid.

_____                    _____
**Signature of Prisoner**                                                  **Date**


_____                    _____
**Prisoner's Name (print)**                                              **Prisoner Number**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### FINANCIAL CERTIFICATE

(To Be Completed by Authorized Penal Official)

COMPUTER PRINTOUT SHOWING ALL TRANSACTIONS IN THE INMATE'S PRISON ACCOUNTS FOR THE PRECEDING SIX MONTHS **MUST** BE ATTACHED

1. CURRENT ACCOUNT BALANCE _____

2. AVERAGE MONTHLY BALANCE FOR PRECEDING SIX MONTHS _____

3. AVERAGE MONTHLY DEPOSITS FOR PRECEDING SIX MONTHS _____

4. INITIAL FILING FEE: 20% of the greater of #2 or #3 _____
    (Subject to verification by the Court.)

 * The inmate is responsible for obtaining the required printout(s) from each institution at which the inmate may have been confined during the preceding six months and to provide the printouts to the official completing this form.
    If printouts or the above calculations do not represent the preceding six month period in its entirety, the official completing this form should explain here:


**I hereby certify that, as of this date, the above information for the prison account of the inmate named herein is correct.**


_____              _____
**Signature of Authorized Official**                              **Date**